UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROBERT WILLIS MCKINNEY,                                             Plaintiff,

v.                                       Civil Action No. 3:17-cv-P28-DJH

ANGELA NAPIER et al.,                                                  Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Robert Willis McKinney, an inmate incarcerated at Kentucky State Reformatory, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Docket Number (DN) 1). On May 25, 2017, the Court performed its initial review of the complaint (DN 9) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and allowed the following claims to proceed: (1) the retaliation claims against Defendants Angela Napier and Weigel based on their alleged filing of false disciplinary charges against Plaintiff and (2) the legal mail claim against Defendant Weigel. All other claims and Defendants were dismissed from this action. Plaintiff has now filed an amended complaint (DN 41), and Defendant Weigel has filed a motion to strike the amended complaint (DN 42).

The Court will first address Defendant Weigel's motion to strike. Defendant Weigel argues that the Court should strike Plaintiff's amended complaint because Plaintiff failed to file a "Motion for Leave to Amend the Complaint." Plaintiff's amended complaint (DN 41) was filed in response to the Court's Order (DN 29) granting him leave to amend his complaint. Therefore, no motion is required.

For these reasons, Defendant Weigel's motion to strike (DN 42) is **DENIED**.

The amended complaint (DN 41) is presently before the Court for review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d at 608.

## I. SUMMARY OF CLAIMS

In his amended complaint (DN 41), Plaintiff seeks to add two new Defendants to this action. He identifies these Defendants as follows: (1) Daniel Napier, a unit administrator at Northpoint Training Center (NTC); and (2) Kelly Napier, a records custodian at NTC. He sues these Defendants in only their individual capacities. As relief, Plaintiff seeks monetary damages.

Plaintiff alleges that Defendant Kelly Napier filed false disciplinary charges against him in retaliation for filing a report about Defendant Angela Napier's unlawful conduct and because he obtained "legal material from the inmate legal library to appeal [her] retaliatory actions." Plaintiff states that as a result of the false disciplinary charges, he spent 15 days in segregation before the charges were later dismissed and expunged by Warden Bottoms. Plaintiff also alleges that Defendant Kelly Napier conspired with Defendants Weigel and Daniel Napier to "have a retali[a]tory transfer submitted to place [Plaintiff] in a h[e]ightened level of danger at Eastern Kentucky Correctional Complex." Plaintiff further states that "at the end of the Fifteen day[s] of seg[re]gation he was transfer[r]ed without notice or ab[i]lity to appeal." According to Plaintiff, Defendant Kelly Napier denied him access to the courts when she issued a disciplinary report "that was for obtaining statutes to use in a Circuit Court filing under KRS Chapter 61 to appeal to the courts her actions, punishing by seg[re]gation for obtaining legal material for said court filing and obstructing [Plaintiff's] ab[i]lity to correctly file an action into the Courts . . ."

Finally, Plaintiff alleges that Defendant Weigel took Plaintiff's legal mail to Defendant Daniel Napier. Thereafter, according to Plaintiff, Defendant Daniel Napier "did co[n]spire with

2

Kelly Napier and Michelle [Weigel] to retaliate against [Plaintiff] and the motive was an attempt to deter [Plaintiff] from engaging in protected conduct of filing a re[p]ort and grievance."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant amended complaint under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create

a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Retaliation Claims

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) "there is a causal connection between elements one and two-that is, the adverse action was motivated, at least in part, by the plaintiff's protected conduct." *Id.*

Plaintiff states that he was retaliated against by Defendants Kelly and Daniel Napier for reporting the inappropriate relationship Defendant Angela Napier was having with another inmate and for filing a grievance. The filing of a non-frivolous grievance is protected conduct. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Further, for purposes of initial screening, the Court also will assume that reporting the inappropriate conduct of Defendant Angela Napier was protected conduct for purposes of a First Amendment retaliation claim. *See Dickey v. Rapier*, No. 3:16-CV-P712-TBR, 2017 WL 1424803, at *4 (W.D. Ky. Apr. 20, 2017) (where the Court assumed for purposes of initial screening that plaintiff was engaged in protected conduct in

4

reporting and initiating a PREA investigation). The Court will next address the adverse action element of a retaliation claim as it relates to the specific wrongdoing alleged by Plaintiff.

### 1. False Disciplinary Charges

Plaintiff alleges that because he filed a grievance and report regarding Defendant Angela Napier, Defendant Kelly Napier retaliated against him by filing false disciplinary charges. According to Plaintiff, as a result of the false disciplinary charges, he spent 15 days in segregation before the charges were later dismissed and expunged by Warden Bottoms. Despite the dismissal of the disciplinary charges, the Court concludes that Plaintiff has sufficiently alleged an adverse action. *See Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir. 2002) ( "Although Brown was already in administrative segregation and a hearing officer ultimately found him not guilty, the issuance of the major misconduct charge subjected him to the risk of significant sanctions . . . . A reasonable jury could conclude that being subjected to the risk of such severe sanctions for raising a legitimate complaint 'would deter a person of ordinary firmness from continuing to engage in that [protected] conduct.'") (citations omitted).

Upon consideration, the Court will allow the retaliation claim against Defendant Kelly Napier regarding the filing of false disciplinary charges to proceed.

### 2. Transfer

Plaintiff alleges that Defendants Kelly and Daniel Napier had him transferred to Eastern Kentucky Correctional Complex in retaliation for filing a grievance and report regarding Defendant Angela Napier. According to Plaintiff, the transfer submitted him to a "h[e]ightened level of danger."

Inmates have no constitutional right to be incarcerated in any particular institution or a particular part of an institution unless the state has created a liberty interest in remaining at a

particular institution. *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-229 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). This is not the case in Kentucky where transfer of prisoners is within the discretion of the corrections cabinet. Ky. Rev. Stat. § 197.065. Furthermore, the Sixth Circuit has repeatedly held that a prison transfer is generally not a sufficiently adverse action to deter a person of ordinary firmness from engaging in protected conduct. *Jewell v. Leroux*, 20 F. App'x 375, 378 (6th Cir. 2001) (finding that a transfer to the general population of another prison is not considered sufficiently adverse.); *Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315 (6th Cir. 2001) (considering that the prisoner failed to allege that his transfer to another institution prevented or deterred him from continuing to write grievances and file lawsuits and that the prisoner had "no inherent constitutional right to be confined in a particular prison," the court found that the prisoner failed to allege a retaliation claim); *Friedmann v. Corr. Corp. of Am.*, 11 F. App'x 467, 469-71 (6th Cir. 2001) (finding that the transfer to another institution that was farther away from those who visited him and did not offer the programs in which he previously participated was not an "adverse action" for purposes of a retaliation claim.); *Goddard v. Ky. Dep't of Corr.*, Nos. 99-5348, 99-5971, 2000 WL 191758l, at *3 (6th Cir. Feb. 7, 2000) (stating that the transfer of an inmate to the general population of another prison is not considered sufficiently adverse.).

Plaintiff fails to set forth facts that show the transfer was an adverse action for purposes of a retaliation claim. For the reasons stated herein, Plaintiff having failed to present facts supporting the elements of a retaliation claim as to the transfer, this claim against Defendants Kelly and Daniel Napier will be dismissed.

### B. Access-to-Courts Claim

Plaintiff asserts that Defendant Kelly Napier denied him access to the courts when she issued a false disciplinary report against him which resulted in him being placed in segregation. Plaintiff asserts that as a result of this action by Defendant Kelly Napier, he was unable to file an action in the court.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right of access to the courts "is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement." *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). In order to state a claim for interference with access to the courts, a plaintiff must show an actual injury. *Thaddeus-X v. Blatter*, 175 F.3d at 394. "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Upon consideration, the Court will allow the access-to-courts claim against Defendant Kelly Napier to proceed.

### C. Conspiracy Claim

Plaintiff alleges that Defendant "Daniel Napier did co[n]spire with Kelly Napier and Michelle [Weigel] to retaliate against [Plaintiff] and the motive was an attempt to deter [Plaintiff] from engaging in protected conduct of filing a re[p]ort and grievance."

In the present case, Plaintiff alleges that Defendants Daniel Napier, Kelly Napier, and Weigel engaged in a conspiracy to violate his civil rights. Under § 1983 a civil conspiracy is "'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273,

290 (6th Cir. 2007)). "In order to state a claim of conspiracy, Plaintiff must allege the elements that make up a conspiracy claim: that a single plan existed; that the alleged conspirators shared in the general conspiratorial objective to deprive Plaintiff of his constitutional or federal statutory rights; and that an overt act was committed in furtherance of the conspiracy that caused injury. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

Upon consideration, the Court will allow the conspiracy claim against Defendants Daniel Napier, Kelly Napier, and Weigel to proceed.

## IV.  ORDER

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)  The retaliation claim against Defendants Kelly Napier and Daniel Napier regarding Plaintiff's transfer to Eastern Kentucky Correctional Complex is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2)  The retaliation claim against Defendant Kelly Napier in her individual capacity regarding the filing of false disciplinary charges against Plaintiff shall proceed;

(3)  The access-to-courts claim against Defendant Kelly Napier shall proceed against her in her individual capacity; and

(4)  The conspiracy claim against Defendants Daniel Napier, Kelly Napier, and Weigel shall proceed against them in their individual capacities.

The **Clerk of Court** is **DIRECTED** to add Kelly Napier and Daniel Napier as Defendants to the docket of this action.

**IT IS FURTHER ORDERED** as follows:

(1) **The Clerk of Court shall forward by certified mail, return receipt requested, one copy of the complaint (DN 1), the amended complaint (DN 41), and this Memorandum Opinion and Order to the Justice & Public Safety Cabinet, Office of Legal Counsel, Frankfort, Kentucky**. General Counsel shall have **30 days** after receipt by certified mail of the complaint and other documents to complete and return a notice of waiver of service for Defendants Daniel Napier and Kelly Napier.

(2) **Should counsel for the Justice & Public Safety Cabinet not represent Defendant Daniel Napier or Defendant Kelly Napier, the Court requests General Counsel to provide a forwarding or last known address for any Defendant not represented so that it may ensure service**. If the address is not public record, counsel shall file it **under seal**.

(3) The **Clerk of Court is DIRECTED to prepare and issue summons** at the address provided by the Justice & Public Safety Cabinet for any Defendant for which a waiver is not returned, and **the United States Marshal shall serve a copy of the complaint (DN 1), the amended complaint (DN 41), this Memorandum Opinion and Order, and summons on such Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure**.

(4) Should Plaintiff receive notice that a summons is returned to the Court unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by providing additional information to the Court**. Failure to do so within 90 days of entry of this Memorandum Opinion and Order may result in dismissal of the Defendant at issue.** *See* Fed. R. Civ. P. 4(m).

(5) The answer to the complaint shall be filed no later than **60 days** after waiver of service. However, if service is required, the answer shall be filed no later than **21 days** after

9

service of summons. Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the amended complaint, followed by Defendants' answer.

(6) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

The Court will enter a separate Scheduling Order governing discovery after all Defendants have been served.

Date:


cc: Plaintiff, *pro se*
 Counsel for Defendant Weigel
 Defendants Angela Napier, Kelly Napier, and Daniel Napier
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.003